# IN THE UNITED STATES DISTRICT COURT,
## FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

JOHN R. STANLEY, JR., an individual;
JAMES J. HORSTMAN, an individual; on
behalf of themselves and all others
similarly situated,

                       Plaintiffs,

       vs.

LAW OFFICE OF ZAKHEIM &
ASSOCIATES, a Florida Professional
Association; SCOTT C. ZAKHEIM,
individually and in his official capacity;
SABINE MICHEL, individually and in
her official capacity; ARROW
FINANCIAL SERVICES, LLC, a
Delaware Limited Liability Company;
PORTFOLIO RECOVERY
ASSOCIATES, LLC, a Delaware Limited
Liability Company; and JOHN AND
JANE DOES NUMBERS 1 THROUGH
50, BEING FICTITIOUS NAMES OF
UNIDENTIFIED PERSONS WHO
CONTROL THE POLICIES AND
PRACTICES INVOKED BY LAW
OFFICE OF ZAKHEIM & ASSOCIATES
AND PORTFOLIO RECOVERY
ASSOCIATES, LLC,

                     Defendants.

CASE NO.: 3:08-cv-487-J-25TEM

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

      1.      Plaintiffs, JOHN R. STANLEY, JR. ("STANLEY") and JAMES J.

HORSTMAN ("HORSTMAN") (collectively "Plaintiffs"), on their own behalf and on behalf

of the class they seek to represent, and demanding a trial by jury, bring this action for the

illegal practices of Defendants LAW OFFICE OF ZAKHEIM & ASSOCIATES ("Z&A"),

SCOTT C. ZAKHEIM ("ZAKHEIM"), SABINE MICHEL ("MICHEL"), ARROW FINANCIAL SERVICES, LLC ("ARROW"), and PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO") (collectively "Defendants") who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiffs and others. Plaintiffs allege that the Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, *et seq.* ("FCCPA").

2.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985).

4.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list

of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations or implications that any individual is an attorney or that any communication is from an attorney [15 U.S.C. § 1692e(3)].

5.      In an effort to provide consumers with protection from being dunned with debts that do not belong to them, and from paying debts in an amount that exceeds what is actually owed, the FDCPA, at 15 U.S.C. § 1692g, provides that debt collectors must, within five days after its initial communication with a consumer in connection with the collection of any debt, send the consumer a written notice containing their rights to dispute the debt and request verification of same [15 U.S.C. § 1692g(a)]. That section of the FDCPA further provides the following: if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector [15 U.S.C. § 1692g(b)]; and that any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor [15 U.S.C. § 1692g(b)].

6.      The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Dalton v. FMA Enters.*, 953 F. Supp. 1525, (M.D. Fla. 1997).

7.     This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services are the subject of the transaction are primarily for personal, family, or household purposes. As such, this action arises out of the collection of a "debt" or "consumer debt" as those terms are defined by Fla. Stat. § 559.55(1).

8.     Plaintiffs, on behalf of themselves and all others similarly situated, seek actual damages, statutory damages, injunctive relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, FCCPA, and all other common law or statutory regimes.

## I. PARTIES

9.     STANLEY is a natural person who, at all times relevant to this complaint, resided in the City of Jacksonville, Duval County, Florida.

10.     HORSTMAN is a natural person who, at all times relevant to this complaint, resided in the City of Inverness, Citrus County, Florida.

11.     Z&A is, at all times relevant to this complaint, a law firm organized as a professional association and existing pursuant to the laws of the State of Florida. Z&A maintains its principal place of business at 1045 South University Drive, Suite 202, City of Plantation, Broward County, Florida.

12.     ZAKHEIM is, at all times relevant to this complaint, an individual who, based upon information and belief, resides in the City of Davie, Broward County, Florida.

13.     MICHEL is, at all times relevant to this complaint, an individual who, based upon information and belief, resides in the City of Hollywood, Broward County, Florida.

14.    At all times relevant to this complaint, ARROW is a for-profit limited liability company existing pursuant to the laws of the State of Delaware. ARROW maintains its principal business address at 5996 West Touhy Avenue, City of Niles, Cook County, Illinois.

15.    At all times relevant to this complaint, PORTFOLIO is a for-profit limited liability company existing pursuant to the laws of the State of Delaware. PORTFOLIO maintains its principal business address at 120 Corporate Boulevard, City of Norfolk, Norfolk County, Virginia.

16.    Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 50, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. The Plaintiffs will amend this complaint by inserting the true names and capacities once they are ascertained.

## II. JURISDICTION & VENUE

17.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction for Plaintiffs' state law claims arises under 28 U.S.C. § 1367. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

18.    Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because all the Defendants reside in the State of Florida within the meaning of 28 U.S.C. § 1391(b) and (c) by, in the case of the individual Defendants, maintaining a residence in the State of Florida or, in the case of the corporate Defendants, being subject to personal jurisdiction in the State of Florida at the time this action is commenced.

## III.  FACTS REGARDING STANLEY

19.     Sometime prior to April 11, 2008, STANLEY allegedly incurred a financial obligation to Integrated Alarm Services Group, Inc. arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("IASG Obligation").

20.     The alleged IASG Obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

21.     STANLEY is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

22.     STANLEY is, at all times relevant to this complaint, a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

23.     STANLEY is informed and believes, and on that basis alleges, that sometime prior to April 11, 2008, Integrated Alarm Services Group, Inc. either directly or through *mesne* transactions assigned, placed, transferred, or sold the alleged IASG Obligation to ARROW for collection.

24.     ARROW collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

25.     ARROW is a leading purchaser and servicer of performing and non-performing consumer debt.

26.     ARROW is a nationwide debt collection company that manages receivables on debts purchased for its own account, and on behalf of other credit grantors.

27.    In connection with its debt servicing operations, ARROW outsources collection activities to other collection agencies, such as Z&A.

28.    ARROW is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

29.    ARROW is engaged in the business of soliciting consumer debts for collection or of collecting consumer debts and, therefore, is a "Consumer Collection Agency" as defined by 15 Fla. Stat. § 559.55(7).

30.    On or about July 14, 2007, STANLEY received an initial written letter from ARROW, which is dated July 10, 2007 ("Arrow Letter"). The Arrow Letter demanded that STANLEY pay the alleged IASG Obligation.

31.    On July 24, 2007, STANLEY sent ARROW letter via U.S. Mail certified mail, return receipt requested, which advised that he disputed the alleged IASG Obligation and requested that ARROW provide him with written validation of the alleged obligation.

32.    On or about August 7, 2007, STANLEY received a second letter from ARROW, which is dated August 3, 2007 ("2nd Arrow Letter"). The 2nd Arrow Letter advised that ARROW had received STANLEY'S dispute letter and validation request, and further advised that it would mail STANLEY verification of the debt "before [it] takes any further steps to collect the debt."

33.    On October 14, 2007, STANLEY sent ARROW a letter via U.S. Mail certified mail, return receipt requested, which advised: (i) he received the 2nd Arrow Letter; (ii) he had yet to receive written verification of the alleged IASG Obligation; and (iii) he still disputed the alleged IASG Obligation and was requesting validation of the debt.

34.     To date, ARROW has not sent STANLEY written verification of the alleged debt it seeks to collect from him.

35.     STANLEY is informed and believes, and on that basis alleges, that sometime prior to April 11, 2008, ARROW assigned, placed, or transferred the IASG Obligation to or with Z&A for collection.

36.     Z&A collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

37.     Z&A is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

38.     Z&A is engaged in the business of soliciting consumer debts for collection or of collecting consumer debts and, therefore, is a "Consumer Collection Agency" as defined by 15 Fla. Stat. § 559.55(7).

39.     On or about April 12, 2008, STANLEY received an initial written letter from Z&A which is dated April 8, 2008 ("Stanley Letter"). A copy of the Stanley Letter appears below, beginning on the next page.

*Law Offices of*
## ZAKHEIM & ASSOCIATES
A PROFESSIONAL ASSOCIATION
1045 SOUTH UNIVERSITY DRIVE
SUITE 202
PLANTATION, FLORIDA 33324

SCOTT C. ZAKHEIM*
*ALSO MEMBER OF N.Y. BAR
FLYNN LA VRAR
RICHARD BATTAGLINO
SASHA MARO
SABINE MICHEL

TELEPHONE: (954) 735-4455
FAX: (954) 735-0227

April 11, 2008

JOHN R STANLEY JR
1001 ARCARO CT W
JACKSONVILLE FL 32218-1759

RE: ARROW FINANCIAL SERVICES (Integrated Alarm Sv, issuer of a INTEGRATED ALARM SERVICES GROUP, INC. credit account) / JOHN R STANLEY JR
INTEGRATED ALARM SERVICES GROUP, INC. Account Number: ▓▓▓▓
Arrow Account Number: ▓▓▓▓
Our File Number: ▓▓▓▓▓▓1

NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692; 91 STAT. 874; PUB. L. 95-109 (September 20, 1977) amended by 100 STAT. 768, PUB. L. 99-561.

Our law firm is attempting to collect a debt that is owed to ARROW FINANCIAL SERVICES (Integrated Alarm Sv, issuer of a INTEGRATED ALARM SERVICES GROUP, INC. account). Any information obtained will be used for that purpose. This communication is from a debt collector. Should you desire to speak to someone to discuss the possibility of entering into a payment arrangement, please contact us at 800-531-5490.

In accordance with the above Act, you are further notified of the following information:

1. The amount of the debt: $1346.29 as of the date of this letter. **This amount may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the creditor or pursuant to applicable statute.**
2. **Name of the creditor to whom the debt is owed:     ARROW FINANCIAL SERVICES**
3. **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume that the debt is valid.**
4. **If you notify us in writing within thirty (30) days after receipt of this Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you and it will be mailed to you.**
5. **We will provide you with the name and address of the original creditor, if different from the current creditor, upon your written request within thirty (30) days after receipt of this Notice.**

ZAKHEIM & ASSOCIATES, P.A.

/Sabine Michel, Esquire

40.    The Stanley Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(6).

41.     The Stanley Letter is printed on the Z&A's letterhead and identifies ZAKHEIM, MICHEL, and three other individuals as attorneys who are collectively licensed to practice law in the State of Florida.

42.     The Stanley Letter states that communication is a "NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692: 91 STAT. 874; PUB. L. 95-109 (September 20, 1977) amended by 100 STAT. 768, PUB. L. 99-361."

43.     The Stanley Letter further states that "Our law firm is attempting to collect a debt that is owed to ARROW FINANCIAL SERVICES."

44.     The Stanley Letter and is signed "ZAKHEIM & ASSOCIATES, P.A." purportedly by "Sabine Michel, Esquire".

45.     The Stanley Letter is identical to the Horstman Letter with the exception of the names and the actual signature.

46.     Plaintiffs are informed and believe, and on that basis allege, that MICHEL did not sign the Stanley Letter.

47.     STANLEY perceived that the Stanley Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

48.     Although the Stanley Letter states that it is from a "debt collector," that statement does not rule out the possibility that the letter is from a licensed attorney, as attorneys can be debt collectors.

49.     STANLEY disputes that he owes the alleged IASG Obligation. Since at least 2006, STANLEY has received several collection letters and notices from various non-

attorney debt collection companies – including ARROW – concerning the same alleged IASG Obligation that Z&A, ZAKHEIM, and MICHEL now sought to "collect" from him.

50.     Because those non-attorney collection companies were not attorneys, STANLEY did not believe – nor would a "least sophisticated consumer" have believed – that those companies would file a lawsuit to recover the alleged debt. Consequently, STANLEY mailed a written dispute to each of those non-attorney debt collection companies – including ARROW – whenever he received one of their collection letters or notices.

51.     After receiving the Stanley Letter, which informed STANLEY that ARROW had retained a law firm to "collect" the alleged IASG Obligation he reasonably inferred – as would a "least sophisticated consumer" – that ARROW was preceding more aggressively as it has incurred the expense to hire a law firm to file a lawsuit to collect the debt.

52.     Upon receiving the Stanley Letter and learning that ARROW was represented by a law firm in connection with the collection of his debt, STANLEY reasonably inferred – as would a "least sophisticated consumer" – that Z&A, ZAKHEIM, MICHEL, and ARROW might actually file a civil lawsuit against him to recover the alleged debt.

53.     Z&A, ZAKHEIM, MICHEL, and ARROW intended that the Stanley Letter imply a heightened severity over dunning letters from non-attorney collection companies and that the least sophisticated consumer react with a commensurate level of alarm and concern.

54.     Sometime after receiving the Stanley Letter, STANLEY became informed and now believes, and on that basis alleges, that the Stanley Letter is actually a computer-generated, mass-produced, letter that did not receive any meaningful review or involvement by a licensed attorney prior to mailing.

55.     The Stanley Letter falsely represents and implies that licensed attorneys were directly or personally involved in reviewing his file or account prior to mailing.

56.     To date, no lawsuit or other legal proceedings have been filed or initiated against STANLEY concerning the alleged IASG Obligation.

57.     At all times relevant to the collection of the alleged IASG Obligation from STANLEY, there existed a principal-agent relationship between Z&A, ZAKHEIM, MICHEL and ARROW.

58.     At all times relevant to the collection of the alleged IASG Obligation from STANLEY, Z&A, ZAKHEIM, and MICHEL were agents for ARROW, were acting within the course and scope of their employment at the time of the incidents complained of herein, and were under the direct supervision and control of ARROW.

59.     As the principal and a debt collector, ARROW is vicariously liable for the illegal collection activities of other debt collection companies and collectors, such as Z&A, ZAKHEIM, and MICHEL working on its behalf to collect debts from consumers like STANLEY.

## IV.  FACTS REGARDING HORSTMAN

60.     Sometime prior to November 21, 2007, HORSTMAN allegedly incurred a financial obligation to HSBC arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("HSBC Obligation").

61.     The alleged HSBC Obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

62.     HORSTMAN is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

63.     HORSTMAN is, at all times relevant to this complaint, a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

64.     HORSTMAN is informed and believes, and on that basis alleges, that sometime prior to November 21, 2007, HSBC either directly or through *mesne* transactions assigned, placed, transferred, or sold the alleged HSBC Obligation to PORTFOLIO for collection.

65.     PORTFOLIO collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

66.     PORTFOLIO is a leading purchaser and servicer of performing and non-performing consumer debt.

67.     PORTFOLIO is a nationwide debt collection company that manages receivables on debts purchased for its own account, and on behalf of other credit grantors.

68.     In connection with its debt servicing operations, PORTFOLIO outsources collection activities to other collection agencies, such as Z&A.

69.     PORTFOLIO is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

70.     PORTFOLIO is engaged in the business of soliciting consumer debts for collection or of collecting consumer debts and, therefore, is a "Consumer Collection Agency" as defined by 15 Fla. Stat. § 559.55(7).

71.     On or about September 3, 2007, HORSTMAN received an initial written letter from PORTFOLIO, which is dated August 29, 2007 ("Portfolio Letter"). The Portfolio Letter demanded that HORSTMAN pay the alleged HSBC Obligation.

72.     On September 17, 2007, HORSTMAN sent PORTFOLIO a letter via U.S. Mail certified mail, return receipt requested, which advised that he disputed the alleged HSBC Obligation and requested that PORTFOLIO provide him with written validation of the alleged obligation.

73.     On or about October 22, 2007, HORSTMAN received a second letter from PORTFOLIO, which is dated October 18, 2007 ("2nd Portfolio Letter"). A copy of the 2nd Portfolio Letter appears below, beginning on the next page.



**Portfolio Recovery Associates, LLC**

October 18, 2007
Account/Reference No. ████████████
HSBC/Best Buy or S&H greenpoints

*Balance: $9670.83*

www.portfoliorecovery.com

## Pre-LEGAL DEMAND

Dear JAMES J HORSTMAN:

We really don't want to take you to court to get this account paid, but unfortunately, you have not paid the above balance, so your account has been selected for placement with a local attorney licensed to practice in your state. If a law suit is filed against you and a judgment is obtained, our local attorney may take any action that is legally available in your state to collect this debt and enforce our judgment. If judgment is obtained, we will ask the court to add our costs in obtaining judgment. If we don't hear from you by 11/8/2007, your next communication may be from a local attorney.



### Various Payment Options Available Including:

**PAY BY PHONE:** Authorize automatic withdrawals from your bank account.

**CHECK:** Make check payable to Portfolio Recovery Associates, LLC and send to Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541.

**CREDIT CARD:** Complete the attached coupon and return to us in the enclosed envelope.

**ON-LINE:** Pay on line at www.portfoliorecovery.com.

**Fax:** (757) 321-2519

Ignoring this debt will not make it go away.

Legal Recovery Department

*Interest continues to accrue on this account and will accrue until the account is satisfied, unless interest has been suspended. The above balance includes interest as of the date of this letter. You may contact us to obtain an exact payoff amount for a future date.

This letter is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

**Notice: See Reverse Side for important information.**

--- *** PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT *** ---

Dept 922
PO Box 4115
Concord, CA 94524

Address Service Requested

#BWNFTZF #PRA7394778707105#

JAMES J HORSTMAN
R
9911 E MOCCASIN SLOUGH RD
INVERNESS FL 34450-6206

028
PORTFOLIO RECOVERY ASSOCIATES LLC
P.O. BOX 12914
NORFOLK VA 23541

Page 15 of 39

74.    The First Paragraph of the 2nd Portfolio Letter states the following:

> We really don't want to take you to court to get this account
> paid, but unfortunately, you have not paid the above balance,
> so your account has been selected for placement with a local
> attorney licensed to practice in your state. If a lawsuit is filed
> against you and a judgment is obtained, our local attorney may
> take any action that is legally available in your state to collect
> this debt and enforce our judgment. If judgment is obtained we
> will ask the court to add our costs in obtaining judgment. If we
> don't hear from you by 11/8/2007, your next communication
> may be from a local attorney.

75.    The above statements in the First Paragraph of the 2nd Portfolio Letter are false, deceptive, and misleading in that they collectively imply that judgment against HORSTMAN will be automatic upon the simple filing of the threatened legal action.

76.    The above statements in the First Paragraph of the 2nd Portfolio Letter are also false, deceptive, and misleading in that they collectively imply that HORSTMAN does not have any defenses or set-offs to the lawsuit PORTFOLIO threatens to file against HORSTMAN using its "local attorney."

77.    HORSTMAN is now informed and believes, and on that basis alleges, that PORTFOLIO had no intention of filing or pursuing legal action against him; thus, the above statements conveying threatened legal action in the First Paragraph of the 2nd Portfolio Letter are false, deceptive, and misleading.

78.    The statements in the First Paragraph of the 2nd Portfolio Letter that PORTFOLIO'S "local attorney may take any action that is legally available in [HORSTMAN'S] state to collect this debt and enforce [its] judgment," and that PORTFOLIO may - as a matter of right - "add its costs in obtaining judgment" improperly lists post-judgment remedies prior to the time any lawsuit is filed or judgment obtained.

79.     The Last Paragraph of the 2nd Portfolio Letter states that "ignoring this debt will not make it go away" and is followed by the signature of PORTFOLIO'S "Legal Recovery Department" as the author of the letter.

80.     The above statement in Last Paragraph of the 2nd Portfolio Letter, and the signature of the "Legal Recovery Department" following it, falsely implies to the least sophisticated consumer that PORTFOLIO maintains a separate department that is staffed, in part, by licensed attorneys whose sole function is to review and evaluate PORTFOLIO-owned consumer accounts and render legal determinations concerning the validity, claims, and defenses involving those accounts.

81.     To date, PORTFOLIO has not sent HORSTMAN written verification of the alleged debt it seeks to collect from him.

82.     HORSTMAN is informed and believes, and on that basis alleges, that sometime prior to November 21, 2007, PORTFOLIO assigned, placed, or transferred the HSBC Obligation to or with Z&A for collection.

83.     Z&A collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

84.     Z&A is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

85.     Z&A is engaged in the business of soliciting consumer debts for collection or of collecting consumer debts and, therefore, is a "Consumer Collection Agency" as defined by 15 Fla. Stat. § 559.55(7).

86.    On or about November 26, 2007, HORSTMAN received an initial written letter from Z&A, which was dated November 21, 2007 ("Horstman Letter"). A copy of the Horstman Letter appears immediately beneath this paragraph.

---

*Law Offices of*

**ZAKHEIM & ASSOCIATES**
A PROFESSIONAL ASSOCIATION
1045 SOUTH UNIVERSITY DRIVE
SUITE 202
PLANTATION, FLORIDA 33324

SCOTT C. ZAKHEIM·
·ALSO MEMBER OF N Y BAR
FLYNN LA VRAR
RICHARD BATTAGLINO
SASHA HARO
SABINE MICHEL

TELEPHONE: (954) 735-4495
FAX: (954) 736-0227

November 21, 2007

JAMES J HORSTMAN
9311 E MOCCASIN SLOUGH RD
INVERNESS FL 34450

RE: PORTFOLIO RECOVERY ASSOCIATES, LLC as purchaser of a HSBC credit account / JAMES J HORSTMAN
Account Number: ██████████████
Our File Number: ██████████1

NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692; 91 STAT. 874; PUB. L. 95-109 (September 20, 1977) amended by 100 STAT. 768, PUB. L. 99-361.

Our law firm is attempting to collect a debt that is owed to Portfolio Recovery Associates, LLC who has purchased the above-referenced HSBC credit account and any information obtained will be used for that purpose. This communication is from a debt collector. Should you desire to speak to someone to discuss this account, including the possibility of entering into a payment arrangement, please contact us at 800-531-5490.

In accordance with the above Act, you are further notified of the following information:

1.    The amount of the debt:  $3593.20 as of the date of this letter.  This amount may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the creditor or pursuant to applicable statute.
2.    Name of the creditor to whom the debt is owed: PORTFOLIO RECOVERY ASSOCIATES, LLC
3.    Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume that the debt is valid.
4.    If you notify us in writing within thirty (30) days after receipt of this Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you and it will be mailed to you.
5.    We will provide you with the name and address of the original creditor, if different from the current creditor, upon your written request within thirty (30) days after receipt of this Notice.

ZAKHEIM & ASSOCIATES, P.A.

Sabine Michel, Esquire

---

87.    The Horstman Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(6).

88.    The Horstman Letter is printed on the Z&A's letterhead and identifies ZAKHEIM, MICHEL, and three other individuals as attorneys who are collectively licensed to practice law in the State of Florida.

89.    The Horstman Letter states that the communication is a "NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692: 91 STAT. 874; PUB. L. 95-109 (September 20, 1977) amended by 100 STAT. 768, PUB. L. 99-361."

90.    The Horstman Letter further states that "Our law firm is attempting to collect a debt that is owed to PORTFOLIO RECOVERY ASSOCIATES, LLC."

91.    The Horstman Letter and is signed "ZAKHEIM & ASSOCIATES, P.A." purportedly by "Sabine Michel, Esquire".

92.    Plaintiffs are informed and believe, and on that basis allege, that MICHEL did not sign the Horstman Letter.

93.    HORSTMAN perceived and the least sophisticated consumer reading the Horstman Letter would have perceived, that the Horstman Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

94.    Although the Horstman Letter states that it is from a "debt collector," that statement does not rule out the possibility that the letter is from a licensed attorney, as attorneys can be debt collectors.

95.    HORSTMAN disputes that he owes the alleged HSBC Obligation. Since at least 2006, HORSTMAN has received several collection letters and notices from various non-attorney debt collection companies – including PORTFOLIO – concerning the same

alleged HSBC Obligation that Z&A, ZAKHEIM, MICHEL, and PORTFOLIO now sought to "collect" from him.

96.    Because those non-attorney collection companies were not attorneys, HORSTMAN did not believe – nor would a "least sophisticated consumer" have believed – that those companies would file a lawsuit to recover the alleged debt. Consequently, HORSTMAN mailed a written dispute to each of those non-attorney debt collection companies – including PORTFOLIO – whenever he received one of their collection letters or notices.

97.    After receiving the Horstman Letter, which informed HORSTMAN that PORTFOLIO had honored its promise in the 2nd Portfolio Letter to retain a "local attorney" to "take [him] to court" he reasonably inferred – as would a "least sophisticated consumer" – that PORTFOLIO was preceding more aggressively as it had incurred the expense to hire a law firm to file a lawsuit to collect the debt.

98.    Upon receiving the Horstman Letter and learning that PORTFOLIO was represented by a law firm in connection with the collection of his debt, HORSTMAN reasonably inferred – as would a "least sophisticated consumer" – that Z&A, ZAKHEIM, MICHEL, and PORTFOLIO would actually file a civil lawsuit against him to recover the alleged debt.

99.    Z&A, ZAKHEIM, MICHEL, and PORTFOLIO intended that the Horstman Letter imply a heightened severity over dunning letters from non-attorney collection companies and that the least sophisticated consumer react with a commensurate level of alarm and concern.

100.    Sometime after receiving the Horstman Letter, HORSTMAN became informed and now believes, and on that basis alleges, that the Horstman Letter is actually a computer-generated, mass-produced, letter that did not receive any meaningful review or involvement by a licensed attorney prior to mailing.

101.    The Horstman Letter falsely represents and implies that licensed attorneys were directly or personally involved in reviewing his file or account prior to mailing.

102.    To date, no lawsuit or other legal proceedings have been filed or initiated against HORSTMAN concerning the alleged HSBC Obligation.

103.    At all times relevant to the collection of the alleged HSBC Obligation from HORSTMAN, there existed a principal-agent relationship between Z&A, ZAKHEIM, MICHEL, and PORTFOLIO.

104.    At all times relevant to the collection of the alleged HSBC Obligation from HORSTMAN, Z&A, ZAKHEIM, and MICHEL were agents for PORTFOLIO, were acting within the course and scope of their employment at the time of the incidents complained of herein, and were under the direct supervision and control of PORTFOLIO.

105.    As the principal and a debt collector, PORTFOLIO is vicariously liable for the illegal collection activities of other debt collection companies and collectors, such as Z&A, ZAKHEIM, and MICHEL working on its behalf to collect debts from consumers like HORSTMAN.

## V. POLICIES AND PRACTICES COMPLAINED OF

106.    It is the Defendants' policy and practice to send written collection communications, such as the Horstman Letter and Stanley Letter, in connection with the

collection of alleged consumer debts, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney.

107.    Such policy and practice is in violation of 15 U.S.C. § 1692e(3) and Fla. Stat. §§ 559.72(7), 559.72(10), and 559.72(11).

108.    "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

109.    "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

110.    It is PORTFOLIO'S policy and practice to send written collection communications, such as the 2nd Portfolio Letter, in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney, and which improperly list automatic post-judgment legal remedies and falsely imply that consumers would not have any defenses or set-offs to avoid those post-judgment remedies.

111.    Such policy and practice by PORTFOLIO is in violation of 15 U.S.C. § 1692e, and appropriate subsections thereof, and Fla. Stat. §§ 559.72(7) and 559.72(10).

112.    ZAKHEIM is duly admitted to practice law as an attorney in Florida and New York, and he is an owner, member, manager, partner, director, officer, agent, or is otherwise personally responsible for the acts and omissions of Defendant Z&A and its employees.

113.    ZAKHEIM personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures used by other officers and employees of Defendant Z&A.

114.    ZAKHEIM collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

115.    MICHEL is duly admitted to practice law as an attorney in the State of Florida and is an associate, owner, member, manager, partner, director, officer, agent, or is otherwise personally responsible for the acts and omissions of Defendant Z&A and its non-attorney debt collector employees.

116.    MICHEL personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures used by other officers and employees of Defendant Z&A.

117.    MICHEL collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

118.    The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by Z&A's employees that

are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Z&A and, therefore, are personally liable for all of the wrongdoing alleged in this complaint.

119.   The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 26 THROUGH 50, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by PORTFOLIO employees that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by PORTFOLIO and, therefore, are personally liable for all of the wrongdoing alleged in this complaint.

## VI.  CLASS ACTION ALLEGATIONS

120.   This action is brought as a class action. The Plaintiffs brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

121.   The First Class, named "Z&A-USA Class," consists of: (i) all persons with addresses in the United States of America; (ii) to whom Z&A, ZAKHEIM, or MICHEL sent a letter in the same form as the Horstman Letter and Stanley Letter; (iii) on behalf of any client that is not ARROW or PORTFOLIO; (iv) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (v) which was not returned as undelivered by the United States Postal Service; (vi) during the one year immediately preceding the filing of this complaint through the date of class certification.

122.   The Second Class, named "Z&A-Portfolio-USA Class," consists of: (i) all persons with addresses in the United States of America; (ii) to whom Z&A, ZAKHEIM, or MICHEL sent a letter in the same form as the Horstman Letter; (iii) on behalf of PORTFOLIO; (iv) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (v) which was not returned as undelivered by the United States Postal Service; (vi) during the one year immediately preceding the filing of this complaint through the date of class certification.

123.   The Third Class, named "Z&A-Arrow-USA Class," consists of: (i) all persons with addresses in the United States of America; (ii) to whom Z&A, ZAKHEIM, or MICHEL sent a letter in the same form as the Stanley Letter; (iii) on behalf of ARROW; (iv) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (v) which was not returned as undelivered by the United States Postal Service; (vi) during the one year immediately preceding the filing of this complaint through the date of class certification.

124.   The Fourth Class, named "Z&A-Florida Class," consists of: (i) all persons with addresses in the State of Florida; (ii) to whom Z&A, ZAKHEIM, or MICHEL sent a letter in the same form as the Horstman Letter and Stanley Letter; (iii) on behalf of any client that is not ARROW or PORTFOLIO; (iv) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (v) which was not returned as undelivered by the United States Postal Service; (vi) during the one year immediately preceding the filing of this complaint through the date of class certification.

125.   The Fifth Class, named "Z&A-Portfolio-Florida Class," consists of: (i) all persons with addresses in the State of Florida; (ii) to whom Z&A, ZAKHEIM, or MICHEL

sent a letter in the same form as the Horstman Letter; (iii) on behalf of PORTFOLIO; (iv) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (v) which was not returned as undelivered by the United States Postal Service; (vi) during the one year immediately preceding the filing of this complaint through the date of class certification.

126.   The Sixth Class, named "Z&A-Arrow-Florida Class,"  consists of: (i) all persons with addresses in the State of Florida; (ii) to whom Z&A, ZAKHEIM, or MICHEL sent a letter in the same form as the Stanley Letter; (iii) on behalf of ARROW; (iv) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (v) which was not returned as undelivered by the United States Postal Service; (vi) during the one year immediately preceding the filing of this complaint through the date of class certification.

127.   The Seventh Class, named "Portfolio-USA Class," consists of: (i) all persons with addresses in the United States of America; (ii) to whom PORTFOLIO sent a letter in the same form as the 2nd Portfolio Letter; (iii) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (iv) which was not returned as undelivered by the United States Postal Service; (v) during the one year immediately preceding the filing of this complaint through the date of class certification.

128.   The Eighth Class, named "Portfolio-Florida Class," consists of: (i) all persons with addresses in the State of Florida; (ii) to whom PORTFOLIO sent a letter in the same form as the 2nd Portfolio Letter; (iii) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (iv) which was not returned as undelivered by the

United States Postal Service; (v) during the one year immediately preceding the filing of this complaint through the date of class certification.

129.    The identities of all class members are readily ascertainable from the records of Z&A and those companies and governmental entities on whose behalf the Defendants attempt to collect debts.

130.    Excluded from the classes are ZAKHEIM, MICHEL, and all members, partners, managers, and directors of Z&A, ARROW, and PORTFOLIO, as wells as their respective employees and officers, and the respective immediate families and legal counsel for all parties to this action, and all members of their immediate families.

131.    The class period is one year prior to the filing of the complaint in this action for all claims under the FDCPA. The class period is two years prior to the filing of the complaint in this action for all claims under the FCCPA.

132.    There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The first principal issue is whether the written communications, in the same form as the Horstman Letter and Stanley Letter, that are sent to consumers, violates 15 U.S.C. §1692e(3) and Fla. Stat. §§ 559.72(7), 559.72(10), and 559.72(11). The second principal issue is whether the written communication, in the same form as the 2nd Portfolio Letter, violates 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10) and Fla. Stat. §§ 559.72(7) and 559.72(10).

133.    The Plaintiffs' claims are typical of the other class members, as all are based upon the same facts and legal theories.

134.    The Plaintiffs will fairly and adequately protect the interests of the classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling

consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

135.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the classes defined above are so numerous that joinder of all members would be impractical.

b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiffs classes and those questions predominate over any questions or issues involving only individual class members. The first principal issue is whether the written communications, in the same form as the Horstman Letter and Stanley Letter, that are sent to consumers, violates 15 U.S.C. §1692e(3) and Fla. Stat. §§ 559.72(7), 559.72(10), and 559.72(11). The second principal issue is whether the written communication, in the same form as the 2nd Portfolio Letter, violates 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10) and Fla. Stat. §§ 559.72(7) and 559.72(10).

c)      **Typicality:** The Plaintiffs' claims are typical of the claims of the class members alleged herein. The Plaintiffs and all members of the Plaintiffs classes alleged herein have claims arising out of the Defendants' common course of conduct complained of herein.

d)      **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and

class actions. Neither the Plaintiffs nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

136.   Injunctive relief is available pursuant to Fla. Stat. § 559.77(2). Thus, certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendants have acted on grounds generally applicable to the classes defined herein, thereby making declaratory relief appropriate with respect to those classes as a whole for the Defendants' violations of the FCCPA.

137.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a)   The questions of law and fact common to members of the classes predominate over any questions affecting an individual member; and

(b)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

138.    Plaintiffs requests certification of a hybrid class combining the elements of Rule 23(b)(2) or equitable relief and Rule 23(b)(3) for monetary damages.

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (BY HORSTMAN AGAINST Z&A, ZAKHEIM, MICHEL, AND PORTFOLIO)

139.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

140.    Z&A, ZAKHEIM, MICHEL, AND PORTFOLIO violated 15 U.S.C. § 1692e(3) by sending written communications, such as the Horstman Letter, which are false, deceptive, and misleading in that these communications were neither drafted, nor received any meaningful review or involvement, by a licensed attorney prior to the mailing of said letters.

## VIII.  SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## (BY HORSTMAN AGAINST Z&A, ZAKHEIM, MICHEL, AND PORTFOLIO)

141.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

142.    Z&A, ZAKHEIM, MICHEL, AND PORTFOLIO violated the FCCPA. These Defendants' violations related to the Horstman Letter include, but are not limited to, the following:

(a)     Willfully engage in communication and other conduct, which can reasonably be expected to abuse or harass the debtor in violation of Fla. Stat. § 559.72(7).

(b)     Using a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by an attorney at law, when it is not in violation of Fla. Stat. § 559.72(10).

(c)     Communicating with a debtor under the guise of an attorney by using the stationery of an attorney or forms or instruments, which only attorneys are authorized to prepare in violation of Fla. Stat. § 559.72(11).

## IX.  THIRD CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (BY HORSTMAN AGAINST PORTFOLIO)

143.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

144.    With respect to the 2nd Portfolio Letter, PORTFOLIO committed additional violations of the FDCPA, which include, but are not limited to, the following:

(a)     Failing to cease collection of alleged HSBC Obligation after having received a written a written notice of dispute from HORSTMAN, without first obtaining and mailing verification of the debt to HORSTMAN in violation of 15 U.S.C. § 1692g(b).

(b)     Making false, deceptive, and misleading statements that the communications were drafted by, or received meaningful review or involvement, by a licensed attorney prior to the mailing of said letters.

(c)     Making false, deceptive, and misleading statements that the communications were drafted by, or received meaningful review or involvement, by a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. § 1692e(3).

(d)     Making false threats of to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5).

(e)     Making false, deceptive, and misleading statements that collectively imply that judgment against HORSTMAN will be automatic upon the simple filing of the threatened legal action in violation of 15 U.S.C. §§ 1692e and 1692e(10).

(f)    Making false, deceptive, and misleading statements that collectively imply that there are no defenses or set-offs to the lawsuit threatened by PORTFOLIO using its "local attorney" in violation of 15 U.S.C. §§ 1692e and 1692e(10).

(g)    Improperly listing and threatening consumers with post-judgment remedies prior to the time any lawsuit is filed or judgment obtained in violation of 15 U.S.C. §§ 1692e and 1692e(10).

(h)    Falsely implying that PORTFOLIO maintains a separate department that is staffed, in part, by licensed attorneys whose sole function is to review and evaluate PORTFOLIO-owned consumer accounts and render legal determinations concerning the validity, claims, and defenses involving those accounts in violation of 15 U.S.C. §§ 1692e and 1692e(10).

## X.  FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (BY HORSTMAN AGAINST PORTFOLIO)

145.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

146.    With respect to the 2nd Portfolio Letter, PORTFOLIO committed additional violations of the FCCPA, which include, but are not limited to, the following:

(a)    Willfully communicating with a debtor with such frequency as can reasonably be expected to harass the debtor and willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor in violation of Fla. Stat. § 559.72(7).

(b)    Using a communication, which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued, or approved by an attorney at law, when it is not, in violation of Fla. Stat. § 559.72(10).

## XI.  FIFTH CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (BY STANLEY AGAINST Z&A, ZAKHEIM, MICHEL, AND ARROW)

147.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

148.    Z&A, ZAKHEIM, MICHEL, AND ARROW violated 15 U.S.C. § 1692e(3) by sending written communications, such as the Stanley Letter, which are false, deceptive, and misleading in that these communications were neither drafted, nor received any meaningful review or involvement, by a licensed attorney prior to the mailing of said letters.

## XII.  SIXTH CAUSE OF ACTION
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (BY STANLEY AGAINST Z&A, ZAKHEIM, MICHEL, AND ARROW)

149.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

150.    Z&A, ZAKHEIM, MICHEL, AND ARROW violated the FCCPA. These Defendants' violations related to the Stanley Letter include, but are not limited to, the following:

(a)    Willfully engage in communication and other conduct, which can reasonably be expected to abuse or harass the debtor in violation of Fla. Stat. § 559.72(7).

(b)    Using a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by an attorney at law, when it is not in violation of Fla. Stat. § 559.72(10).

(c)    Communicating with a debtor under the guise of an attorney by using the stationery of an attorney or forms or instruments, which only attorneys are authorized to prepare in violation of Fla. Stat. § 559.72(11).

## XIII.  SEVENTH CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (BY STANLEY AGAINST ARROW)

151.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

152.    ARROW violated 15 U.S.C. § 1692g(b) by failing to cease collection of alleged IASG Obligation after having received a written a written notice of dispute from Stanley, without first obtaining and mailing verification of the debt to STANLEY.

## XIV.  EIGHTH CAUSE OF ACTION
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (BY STANLEY AGAINST ARROW)

153.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

154.    ARROW violated the Fla. Stat. § 559.72(7) by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor and willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor.

## XV.  PRAYER FOR RELIEF

155.    WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in her favor and in favor of the putative classes as follows:

A.      **For the FIRST CAUSE OF ACTION:**

(1)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and appointing HORSTMAN and the undersigned counsel to represent the First and Second Plaintiff Classes as previously defined and set forth above;

(2)    An award of the maximum statutory damages for HORSTMAN and the classes pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(3)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(4)    For such other and further relief as may be just and proper.

**B.**    **For the SECOND CAUSE OF ACTION:**

(1)    An order certifying that the Second Cause of Action may be maintained as a class pursuant to Fed. R. Civ P. §§ 23(b)(3) and 23(b)(2) and Fla. Stat. § 559.77(2), and appointing HORSTMAN and the undersigned counsel to represent the Fourth and Fifth Plaintiff Classes as previously defined and set forth above;

(2)    An award of the maximum statutory damages for HORSTMAN and the classes pursuant to Fla. Stat. § 559.77(2);

(3)    For injunctive relief for HORSTMAN and the classes, pursuant to Fla. Stat. § 559.77(2), including enjoining the Defendants from engaging in further violations of Fla. Stat. §§ 559.72(7), 559.72(10), and 559.72(11);

(4)    An award of punitive damages for HORSTMAN and the classes, pursuant to Fla. Stat. § 559.77(2), in an amount to be determined at trial;

(5)    Attorney's fees, litigation expenses, and costs pursuant to Fla. Stat. § 559.77(2); and

(6)    For such other and further relief as may be just and proper.

**C.**    **For the THIRD CAUSE OF ACTION:**

(1)    An order certifying that the Third Cause of Action may be maintained as a

class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and appointing HORSTMAN and the undersigned counsel to represent the Seventh Plaintiff Class as previously defined and set forth above;

(2)     An award of the maximum statutory damages for HORSTMAN and the class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(3)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(4)     For such other and further relief as may be just and proper.

**D.     For the FOURTH CAUSE OF ACTION:**

(1)     An order certifying that the Fourth Cause of Action may be maintained as a class pursuant to Fed. R. Civ P. §§ 23(b)(3) and 23(b)(2) and Fla. Stat. § 559.77(2), and appointing HORSTMAN and the undersigned counsel to represent the Eighth Plaintiff Class as previously defined and set forth above;

(2)     An award of the maximum statutory damages for HORSTMAN and the class pursuant to Fla. Stat. § 559.77(2);

(3)     For injunctive relief for HORSTMAN and the class, pursuant to Fla. Stat. § 559.77(2), including enjoining the Defendants from engaging in further violations of Fla. Stat. §§ 559.72(7), 559.72(10), and 559.72(11);

(4)     An award of punitive damages for HORSTMAN and the class, pursuant to Fla. Stat. § 559.77(2), in an amount to be determined at trial;

(5)     Attorney's fees, litigation expenses, and costs pursuant to Fla. Stat. § 559.77(2); and

(6)     For such other and further relief as may be just and proper.

**E.     For the FIFTH CAUSE OF ACTION:**

(1)     An order certifying that the Fifth Cause of Action may be maintained as a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and appointing STANLEY and the undersigned counsel to represent the First and Third Plaintiff Classes as previously defined and set forth above;

(2)     An award of the maximum statutory damages for STANLEY and the classes pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(3)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(4)     For such other and further relief as may be just and proper.

**F.     For the SIXTH CAUSE OF ACTION:**

(1)     An order certifying that the Sixth Cause of Action may be maintained as a class pursuant to Fed. R. Civ P. §§ 23(b)(3) and 23(b)(2) and Fla. Stat. § 559.77(2), and appointing STANLEY and the undersigned counsel to represent the Fourth and Sixth Plaintiff Classes as previously defined and set forth above;

(2)     An award of the maximum statutory damages for STANLEY and the classes pursuant to Fla. Stat. § 559.77(2);

(3)     For injunctive relief for STANLEY and the classes, pursuant to Fla. Stat. § 559.77(2), including enjoining the Defendants from engaging in further violations of Fla. Stat. §§ 559.72(7), 559.72(10), and 559.72(11);

    (4)     An award of punitive damages for STANLEY and the classes, pursuant to Fla. Stat. § 559.77(2), in an amount to be determined at trial;

    (5)     Attorney's fees, litigation expenses, and costs pursuant to Fla. Stat. § 559.77(2); and

    (6)     For such other and further relief as may be just and proper.

**G.**    **For the SEVENTH CAUSE OF ACTION:**

    (1)     An award of actual damages for STANLEY pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

    (2)     An award of the maximum statutory damages for STANLEY and the classes pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (3)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    (4)     For such other and further relief as may be just and proper.

**H.**    **For the EIGHTH CAUSE OF ACTION:**

    (1)     An award of actual damages for STANLEY pursuant to Fla. Stat. § 559.77(2) in an amount to be determined at trial

    (2)     An award of the maximum statutory damages for STANLEY pursuant to Fla. Stat. § 559.77(2);

    (3)     An award of punitive damages for STANLEY, pursuant to Fla. Stat. § 559.77(2), in an amount to be determined at trial;

    (4)     Attorney's fees, litigation expenses, and costs pursuant to Fla. Stat. § 559.77(2); and

(5)    For such other and further relief as may be just and proper.

DATED:    May 8, 2008

Respectfully submitted,

**FURR & COHEN, P.A.**

Charles I. Cohen, Esq. (FBN: 224121)
Marc P. Barmat, Esq. (FBN: 22365)
2255 Glades Road, Suite 337-W
One Boca Place
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile:  (561) 338-7532
Email: ccohen@furrcohen.com
Email: mbarmat@furrcohen.com
*Attorneys for Plaintiffs, John R. Stanley Jr.,*
*James J. Horstman,  and all others similarly*
*situated*

## XVI. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiffs demand a trial by jury against the

Defendants, and each of them, for each cause of action so triable.

DATED:    May 8, 2008

Respectfully submitted,

**FURR & COHEN, P.A.**

Charles I. Cohen, Esq. (FBN: 224121)
Marc P. Barmat, Esq. (FBN: 22365)
One Boca Place
2255 Glades Road, Suite 337-W
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile:  (561) 338-7532
Email: ccohen@furrcohen.com
Email: mbarmat@furrcohen.com
*Attorneys for Plaintiffs, John R. Stanley Jr.,*
*James J. Horstman,  and all others similarly*
*situated*